United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ARACELIA CAVAZOS, O/B/O R.A.C., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> KILOLO KIJAKAZI, § <br> ACTING COMMISSIONER § <br> OF SOCIAL SECURITY, § <br> *Defendant*. § | Cause Number 1:21-cv-104 |

## MEMORANDUM AND OPINION

Plaintiff Aracelia Cavazos, O/B/O R.A.C., seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. No. 1. The Court is in receipt of Plaintiff's "Motion for Summary Judgment" ("Motion") and "Brief in Support of Motion" ("Brief"). Dkt. Nos. 17, 18. After reviewing the briefing, the record, and the applicable law, Plaintiff's Motion is **DENIED**.

### I.  Venue and Jurisdiction

Venue is proper in this Division and District because Plaintiff is a resident of Cameron County, Texas seeking to overturn a decision of the Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkt. No. 1 at 1; *see also* 42 U.S.C. § 405(g) (which provides that a claimant for supplemental security income may obtain review of a final decision of the Commissioner of the Social Security Administration by filing a civil action in the United States District Court for the judicial district in which the plaintiff resides).

## II.     Background

On January 7, 2020, Plaintiff filed applications for disability insurance benefits under Title II of the Act on behalf of her minor son, R.A.C. ("Claimant"), alleging disability beginning on March 13, 2012.  Dkt. No. 8-3 at 16.  Her application was denied and denied again upon reconsideration.  An Administrative Law Judge ("ALJ") of the Social Security Administration later held a hearing and found Claimant was not disabled.  Dkt. No. 8-3 at 21.  Plaintiff filed an appeal with the Appeals Council.  Dkt. No. 8-3 at 2-4.  The Appeals Council ultimately denied review, thus making the ALJ's decision final and ripe for judicial review.  Dkt. No. 8-3 at 2-4.

Pursuant to 42 U.S.C. § 405(g), on July 15, 2021, Plaintiff filed her Complaint seeking to overturn the ALJ's decision.  Dkt. No. 1.  On March 8, 2022, Plaintiff filed her Motion, in which she asserts that the ALJ failed to follow the correct legal standard and failed to support his decision with substantial evidence.  Dkt. No. 17.  On March 30, 2022, Defendant filed its Response, in which it requests the Court affirm the ALJ's decision and dismiss with prejudice Plaintiff's Complaint.  Dkt. No. 19.  Plaintiff subsequently filed her Reply.  Dkt. No. 20.

## III.     Applicable Law

A.  *Judicial Review of Commissioner's Denial of Benefits*

A claimant may obtain judicial review of a final decision of the Commissioner by a civil action brought in the United States District Court for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g).  Courts reviewing the Commissioner's denial of social security benefits limit their analysis to: (1) whether the Commissioner applied the proper legal standards; and (2) whether substantial evidence supports the Commissioner's

decision. *See Estate of Morris v. Shalala*, 207 F. 3d 744, 745 (5th Cir. 2000). Significantly, the United States Supreme Court has defined "substantial evidence" in this context as follows:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is "more than a mere scintilla." It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations omitted). In applying the substantial-evidence standard, a court may only scrutinize the record. *Winston ex rel. D.F. v. Astrue*, 341 Fed. Appx. 995, 997 (5th Cir. 2009). It may not reweigh evidence, consider issues *de novo*, or substitute its judgment for that of the Commissioner. *Id*. Judicial review is limited to the reasons relied on by the ALJ and stated in his decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

For example, in *Winston ex rel. D.F. v. Astrue*, the U.S. Court of Appeals for the Fifth Circuit upheld an ALJ's denial of a mother's application for supplemental security income on behalf of her minor son with ADHD. *Id*. at 998. In that case, the ALJ reviewed the claimant's physician evaluation, teacher reports, the claimant's mother's testimony, and reports from other treating physicians. *Id*. at 997. The ALJ reviewed evidence showing that the claimant suffered from mild to moderate ADHD, that he functioned below average in four of eleven diagnostic categories in first grade, and that he received extra time to complete school assignments, but nonetheless found that the claimant did not have a disability. *Id*. at 997-98. The Fifth Circuit found that "the ALJ fulfilled his

'special duty' to fully develop the record and scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and held that "we cannot say his decision is unsupported by substantial evidence." *Id.* at 998.

B. *SSA Disability Determination*

A claimant under the age of 18 is considered disabled for purposes of the Act if he or she is not engaged in substantial gainful activity and has a physical or mental impairment, or combination of impairments, that results in marked and severe functional limitations. 20 C.F.R. 416.924(a); 20 C.F.R. 416.924(d). An impairment causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the relevant listings, or if the impairment functionally equals the listings. 20 C.F.R. 416.924(d).

When determining functional equivalence for children, the Social Security Administration determines how the claimant functions in the following six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) self-care; and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1)(i)-(vi). To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. 416.926a(d). A claimant has a "marked" limitation in a domain when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities, and a claimant has an "extreme" limitation" in a domain when her impairment(s) "interferes very seriously" with these same abilities. 20 C.F.R. § 416.926a(e)(2)-(3).

### IV. ALJ's Decision

A. *Psychological Evaluation of Claimant*

Claimant was born on March 13, 2010.  Dkt. No. 8-4 at 2.  On October 24, 2018, Shelia M. Bailey, Ph.D., conducted a psychological evaluation of Claimant.  Dkt. No. 8-9 at 2-6.  Her evaluation notes Plaintiff's statement that medication "helps" Claimant's behavior.  Dkt. No. 8-9 at 3.  Her evaluation also notes that Plaintiff has neither received special education services nor been hospitalized for mental health issues.  Dkt. No. 8-9 at 3.  Based on her evaluation, Dr. Bailey placed Claimant in the 23rd percentile for overall intelligence ability and cognitive functioning, which is in the low average range.  Dkt. No. 8-9 at 5.  She also determined that Claimant's academic functioning is in the low average and average ranges.  Dkt. No. 8-9 at 6.  Finally, Dr. Bailey diagnosed Plaintiff with "[a]djustment disorder, [w]ith mixed disturbance of emotions and conduct[,]" but identified his prognosis as "[f]air, with treatment[.]"  Dkt. No. 8-9 at 6.

B. *Educational Evaluation of Claimant*

On February 20, 2020, Claimant's fourth grade teacher completed a questionnaire regarding Claimant.  Dkt. No. 8-8 at 23.  The questionnaire consists of sections on Claimant's abilities regarding the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving and manipulating objects, (5) ability to care for himself, and (6) health and physical well-being.  Dkt. No. 8-8 at-29.  Within each section, the teacher assigned a rating of either "no problem[,]" "a slight problem[,]" "an obvious problem[,]" "a serious problem[,]"or "a very serious problem[.]"

The section on acquiring and using information notes that Claimant has "an obvious problem" in 8 subsections of behaviors and a "slight problem" and "no problem"

in the remaining subsections. Dkt. No. 8-8 at 24.[1] The section on attending and completing tasks notes that Claimant has "a very serious problem" in 8 subsections with more positive ratings in the remaining 5 subsections. Dkt. No. 8-8 at 25. Similarly, the section on interacting and relating with others notes that Claimant has "a very serious problem" in 8 subsections with more positive ratings in the remaining 5 subsections. Dkt. No. 8-8 at 26.

The section on moving and manipulating objects notes "no problems" for all subsections. Dkt. No. 8-8 at 27. The section on caring for himself notes "a very serious problem" in 1 subsection, "an obvious problem" in 2 subsections, and either "a slight problem" or "no problem" in the remaining 7 subsections. Dkt. No. 8-8 at 28. The section on health and physical well-being notes that Claimant is "able to focus and perform at a higher educational level" when he takes his medication. Dkt. No. 8-8 at 29.

C. *Testimony of Plaintiff*

At the February 11, 2021 hearing on the application for supplemental security income on behalf of Claimant, Plaintiff testified that Claimant has difficulty staying on task, following through, completing schoolwork, and remaining focused. Dkt. No. 8-3 at 29. However, she admitted that Claimant has never failed a grade in school. Dkt. No. 8-3 at 31. She also testified that she must directly coach him to ensure he completes personal care tasks such as teeth brushing. Dkt. No. 8-3 at 29.

She further testified that Claimant takes medication for Attention Deficit Hyperactivity Disorder ("ADHD"). Dkt. No. 8-3 at 29. Claimant also takes sleep aid medication without experiencing any side effects. Dkt. No. 8-3 at 29. She testified that,

---

[1] This section contains more positive ratings than what Plaintiff represents. Dkt. No. 18 at 4.

despite Claimant killing a puppy at their house by placing same in an ice chest, Claimant has neither received mental health treatment nor ever experienced an overnight stay in a hospital. Dkt. No. 8-3 at 29 and 34.

D. *ALJ's Decision*

On March 4, 2021, the ALJ issued his decision. Dkt. No. 8-3 at 17. He found that Claimant has not engaged in substantial gainful activity due to his school age status. Dkt. No. 8-3 at 17. The ALJ also found that Claimant has severe impairments of ADHD and adjustment disorder, but that Claimant does not have an impairment or combination of impairments that meets the severity of one of the impairments under 20 C.F.R. §§ 416.924-26. Dkt. No. 8-3 at 17.

While the ALJ considered Plaintiff's testimony that Claimant had difficulty keeping on task, following through, remaining focused, performing self-care without supervision, and performing well academically, the ALJ also found that Claimant's symptoms were generally managed with medication. Dkt. No. 8-3 at 19. Further, the ALJ found that, despite Plaintiff's testimony that Claimant killed a puppy, Claimant had not received counseling. Dkt. No. 8-3 at 19.

Significantly, the ALJ found that, while Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . [Plaintiff's] allegations concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Dkt. No. 8-3 at 20. The ALJ noted that Claimant understood directions, exerted a good effort, and remained alert, engaged, and cooperative during his psychological assessment. Dkt. No. 8-3 at 20. The ALJ further noted that Claimant had undergone the psychological evaluation after having taken medication to manage the symptoms. Dkt. No. 8-3 at 20.

The ALJ also found that Claimant's school granted him accommodations, including extra time to complete assignments and frequent breaks due to his ADHD. Dkt. No. 8-3 at 20. Despite Claimant's serious and very serious problems in certain domains, he performed at a higher educational level and focused better when he was on his medication. Dkt. No. 8-3 at 20. The ALJ determined that Claimant's in-school suspensions were likely "due to being off of medications, which was out of the claimant's control." Dkt. No. 8-3 at 21. Significantly, the ALJ concluded that the "medical evidence of record supports . . . that when the claimant is on medications, he improves in all areas." Dkt. No. 8-3 at 21.

> Based on the above, the ALJ found that Claimant has the following limitations:
>
> less than a marked limitation in acquiring and using information;
> less than a marked limitation in attending and completing tasks;
> less than a marked limitation in interacting and relating with others;
> no limitation in moving about and manipulating objects;
> less than a marked limitation in the ability to care for himself/herself; and
> no limitation in health and physical well-being.

Dkt. No. 8-3 at 19 (emphasis removed). Thus, the ALJ held that the Claimant is not disabled. Dkt. No. 8-3 at 21.

## V. Discussion

The Court has reviewed the ALJ's decision in this case and finds that it conforms to the correct legal standards and is supported by substantial evidence. After determining that Claimant is a school age child who is not engaged in substantial gainful activity and that Claimant has a severe impairment, the ALJ set forth the standard that Claimant's impairment or combination of impairments must result in marked limitations in two domains of functioning or an extreme limitation in one domain in order to be considered

disabled under the Act. Dkt. No. 8-3 at 16-18. The ALJ also listed and applied the six domains of functioning. Dkt. No. 8-3 at 18. The ALJ, then, applied the correct legal standards under 42 U.S.C. § 405(g) and 20 C.F.R. § 416.926a.

Further, the decision is supported by substantial evidence. The ALJ analyzed the psychological evaluation, which contains a diagnosis of adjustment disorder and notes that Claimant functions in the low average range of cognitive functioning and in the low average and average ranges of academic functioning. Dkt. No. 8-3 at 20. The ALJ's decision further notes that Claimant has never been diagnosed with depression or anxiety and also highlights that Claimant was engaged and cooperative throughout the psychological evaluation. Dkt. No. 8-3 at 20.

The ALJ also analyzed Plaintiff's testimony that Claimant has ADHD, is prescribed medication for same, loses focus, does not self care without her supervision, has never failed a grade, and has never been admitted to a hospital. Dkt. No. 8-3 at 19. Finally, the ALJ emphasized Claimant's teacher's statement that Claimant is able to focus and perform at a higher educational level when taking his medication, that Claimant receives extra time to complete assignments, and that the medical evidence shows that Claimant improves in all areas when on medication. Dkt. No. 8-3 at 20-21.

The Court finds that the ALJ duly considered all the relevant evidence. This case is analogous to *Winston* because the ALJs in both cases followed the proper legal standards and supported their decisions with substantial evidence with respect to low performing school age claimants with ADHD. This means Plaintiff's argument, then, in its proper context, is a veiled request to reweigh the evidence. As stated above, this Court may not reweigh evidence or substitute its judgment for that of the Commissioner. *Winston*, 341 Fed. Appx. at 997. Conflicts in the evidence are for the Commissioner, not

the courts, to resolve. Plaintiff has failed to show, and the Court does not find, that the ALJ either did not adhere to the proper legal standard or did not support his decision with substantial evidence.

## VI.   Conclusion

For the reasons provided above, Plaintiff's Motion for Summary Judgment (Dkt. No. 17) is **DENIED**.

**SIGNED** on this **30th** day of **June, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**